IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANNIE M. JACKSON,                     :

     Plaintiff,                     :

vs.                                                      CA 05-0597-C

                                      :

JO ANNE B. BARNHART,
Commissioner of Social Security, :

     Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. 636(c), for all proceedings in this Court. (Doc. 14 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 15 (order of reference)) Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and

recommendation, and the parties' arguments at the April 26, 2006 hearing before the Court, it is determined that the Commissioner's decision denying plaintiff benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to hypertension, bursitis, residuals from open heart surgery, and depressive disorder.  The Administrative Law Judge (ALJ) made the following relevant findings:

> 3.     The medical evidence established that the claimant has hypertension, bursitis, and residuals from open heart surgery, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4.

> 4.     The claimant's allegations of pain and functional limitations to the degree alleged are not supported by the evidence.

> 5.     The claimant retains the residual functional capacity to perform the physical exertional and non-exertional requirements of work except for work requiring lifting and carrying of more than 20 pounds occasionally or 10 pounds frequently. The claimant is further limited in that she can no more than occasionally reach, climb ladders, ropes or scaffolds, and must avoid concentrated exposure to temperature extremes, humidity,

---

[1]     Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc.  14 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

hazardous machinery and heights.

6.      The claimant is unable to perform her past relevant work.

7.      The claimant's residual functional capacity for the full range of light work is reduced by those limitations as detailed in Finding No. 5.

8.      The claimant was 48-years old at her alleged onset of disability which is defined as a "younger individual" and is currently 51 years of age, which is defined as an individual "closely approaching advanced age".

9.      The claimant has a high school education (20 CFR 404.1564).

10.     The claimant does not have any acquired work skills which are transferable to the skilled or semi-skilled work functions of other work (20 CFR 404.1568).

11.     Based on an exertional capacity for light work, and the claimant's age, education, and work experience, Section 404.1569 and Rules 202.21 and 202.14 in Table No. 2, Appendix 2, Subpart P, Regulations No. 4, would direct a conclusion of "not disabled".

12.     Although the claimant's additional non-exertional limitations do not allow her to perform the full range of light work, using the above cited rules as a framework for decision making, there area significant number of jobs existing in the national economy which she can perform. Despite the claimant's exertional and non-exertional limitations, she retains the residual functional capacity to perform the occupation of sorter, agricultural produce, DOT 529.687[-]186, with 56, 210 such jobs located in the national economy. She also retains the ability to perform the occupation of collector, DOT 241.367-010, with 387,870 such jobs located in the national economy.

13.     The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(f)).

(Tr. 22-23)  The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## <u>DISCUSSION</u>

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors:  (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history.  *Id*. at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy.  *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Court is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform light work

4

as an agricultural produce sorter and collector, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, plaintiff contends that the ALJ erred in failing to obtain vocational expert ("VE") testimony[2] and in rejecting the consultative opinion of Dr. Blaine C. Crum. Because the undersigned agrees with the plaintiff that the ALJ erred in relying upon the administrative notice of jobs to shoulder his fifth-step burden, as opposed to obtaining the services of a VE, this Court need not consider the other error raised by Jackson. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

---

[2]     During oral argument, plaintiff's counsel made the corollary argument that the evidence used by the ALJ to establish other work in the national economy was not properly tested by cross-examination, or otherwise submitted to the plaintiff to refute, and, therefore, the ALJ erred to reversal in relying upon administrative notice of such evidence.

It has long been recognized in this circuit that the Commissioner of Social Security must develop "a full and fair record regarding the vocational opportunities available to a claimant." *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The Commissioner must articulate specific jobs that the claimant can perform given her age, education and work history, if any, "and this finding must be supported by substantial evidence, not mere intuition or conjecture." *See id.* (citation omitted). One means by which the Commissioner meets this burden is by reliance on the medical-vocational guidelines ("grids"). *Id*. at 1201-1202 (citations omitted). Exclusive reliance upon the grids is inappropriate, however, "'either when the claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.'" *Id*. at 1202 (quoting *Walker, supra,* 826 F.2d at 1002-1003, in turn quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985)). Normally, when non-exertional limitations are alleged "the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert." *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *see Francis*, 749 F.2d at 1566 ("The preferred method of demonstrating job availability when the grids are not controlling is through

expert vocational testimony").  "'It is only when the claimant can clearly do *unlimited* types of light work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.'"  *Allen*, 880 F.2d at 1202 (quoting *Ferguson v. Schweiker*, 641 F.2d 243, 248 (5th Cir. Unit A March 30, 1981)); *see also Foote v. Chater,* 67 F.3d 1553, 1559 (11th Cir. 1995) ("If the grids are inapplicable, the Secretary must seek vocational expert testimony."). Where non-exertional impairments are present "[t]he ALJ must '"make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations."'" *Foote, supra*, 67 F.3d at 1559 (citations omitted). "If nonexertional impairments exist, the ALJ may use Medical-Vocational Guidelines as a framework to evaluate vocational factors, but must also introduce independent evidence, preferably through a vocational expert's testimony, of existence of jobs in the national economy that the claimant can perform." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002), citing *Wolfe v. Chater*, 86 F.3d 1072, 1077-1078 (11th Cir. 1996). More recently, in *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004), the Eleventh Circuit reiterated its earlier holding that "'[e]xclusive reliance on the grids is

7

not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills[,]" and held that "[i]f *either* condition exists, the ALJ [is] required to consult a vocational expert." More specifically, the *Phillips* court held that if an ALJ determines that a claimant's nonexertional limitations "significantly limit her basic work skills at the [light] work level, then the ALJ **must** consult a vocational expert." *Id.* at 1243.

Here, the ALJ specifically found that Jackson's non-exertional limitations do not permit her to perform the full range of light work and, therefore, pursuant to *Phillips, supra*, and prior precedent, *cf. Allen, supra,* 880 F.2d at 1202 ("Absent testimony from a vocational expert, the ALJ's conclusion that appellant's mental limitations do not significantly compromise her basic work skills or are not severe enough to preclude her from performing a wide range of light work is not supported by substantial evidence."), the ALJ erred in failing to consult a vocational expert to determine what light jobs, if any, the claimant can perform given her exertional and non-exertional impairments and limitations. On remand, it is suggested that the ALJ should follow *Phillips*, and prior Eleventh Circuit precedent, and obtain the services

of a vocational expert in order to attempt to satisfy the Commissioner's fifth-step burden of establishing what light jobs, if any, Jackson is capable of performing given her exertional and non-exertional impairments and limitations.

The Court points out that in this case, instead of obtaining vocational expert testimony, the ALJ chose to rely upon the DOT and certain on-line information to carry the Commissioner's fifth-step burden.  (*See* Tr. 20-21 & 22)

> In the claimant's case, she was 48 years of age at her alleged onset of disability and is currently 51 years of age which is defined as a "younger individual" and an individual "closely approaching advanced age." The claimant has at least a high school education and semi-skilled work experience. In meeting the Commissioner's burden to demonstrate that there exists work in significant numbers in the national economy, I have not found that a Grid Rule directs a decision because there are non-exertional limitations involved. See 20 CFR [§] 404.1569. I have not found the need to seek the opinion of a vocational expert because there is no issue regarding transferable skills or "a similarly complicated issue." See 20 CFR [§] 404.1566(e); SSR 00-4p. While the United States Court of Appeals for the 11th Circuit has noted in the past that the "preferred method of demonstrating that the claimant can of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert," McGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986), reliable vocational evidence (as opposed to testimony) taken from official government sources is a permissible functional equivalent when the issue presented can be resolved by a simple, mechanical process. For example, determining whether a claimant's residual functional capacity

would be sufficient to perform an occupation described in the Dictionary of Occupational Titles (DOT) and in its companion publication, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), is a simple exercise in which the skill level and capabilities in the residual functional capacity are compared with the requirements detailed in the DOT and SCO. See SSR 00-4p. When the comparison shows no conflict or discrepancy, clearly no expert vocational testimony of judgment is needed. Id. In contrast, where the residual functional capacity involves a limitation not contemplated or covered in the DOT or SCO, such as a sit-stand option, vocational testimony would be required. See e.g. SSR 83-12.

In the instant case, there are no complicated or complex vocational issues that warrant expert testimony. Rather, it is a case in which it is appropriate to take administrative notice of reliable job data to determine: 1) whether there are occupations that the claimant can perform with her residual functional capacity and 2) whether such work exists in significant numbers in the national economy. See 20 CFR [§] 404.1566(d). I have used the DOT for the description of the jobs, including worker functions, exertional requirements, and skill levels. I have used the SCO for other specific requirements of the jobs, such as physical demands, environmental limitations, and aptitudes. See SSR 00-4p. While the Commissioner has found that each sedentary and light unskilled job found in the DOT "represents numerous jobs found throughout the national economy", 43 F.R. 55352 (November 28, 1978), I have also taken administrative notice of the 2000 National Occupational Employment and Wage Estimates compiled by the Bureau of Labor Statistics (BLS) of the U.S. Department of Labor with respect to jobs I have identified that are within the claimant's residual functional capacity. See www.bls.gov[.] This is the source for employment figures used in the Occupational Outlook Handbook 2002-2003. Cf[.] 20 CFR [§] 404.1566(d)(5). With the claimant's residual functional capacity, she can perform the following occupations:

1.   Sorter, agricultural produce, DOT 529.687-186, a light, unskilled job, with only occasional reaching; no climbing; no temperature extremes; no humidity and no dangerous machinery or heights. There are 56,210 such jobs in the national economy. ([www.bls.gov/oes/2000/oes452041.htm](www.bls.gov/oes/2000/oes452041.htm)).

2.   Collector, DOT 241.367-010, a light, semi-skilled job requiring only occasional reaching; no temperature extremes or humidity; no dangerous heights or machinery. There are 387,870 such jobs in the national economy. ([www.bls.gov/oes/2000/oes433011.htm](www.bls.gov/oes/2000/oes433011.htm)).

(*Id.* at 20-21)  The error in choosing this method of review, as opposed to that set out in *Phillips* and prior circuit precedent, is reflected not only by the defendant's concession in its brief that it was not "relying on the job of collector, since it is a semiskilled job, and the ALJ did not identify in the decision those skills that were transferable to semiskilled work[]" (Doc. 13, at 13-14, n.7),[3] but, as well, by the defendant's concession during oral argument that this method denied plaintiff the opportunity to prove that she could not perform the jobs identified by the ALJ, *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) ("Finally, the burden shifts back to the claimant to prove she

_____

[3]      The Court would note the seeming incongruity with the ALJ identifying the semi-skilled job of collector (Tr. 21) and his conclusory determination that he did not find it necessary to seek the opinion of a vocational expert since there was "no issue regarding transferable skills of 'a similarly complicated issue.'" (Tr. 20) Additionally, the ALJ's finding that plaintiff can perform the semi-skilled job of collector is incongruous with his determination that "[t]he claimant does not have any acquired work skills which are transferable to the skilled or **semi-skilled** work functions of other work[.]" (Tr. 22)

is unable to perform the jobs suggested by the Secretary.").

In light of the foregoing, the Court concludes that the ALJ failed to carry his fifth-step burden of establishing that other jobs exist in significant numbers in the national economy which plaintiff can perform in light of her non-exertional impairments and limitations. Therefore, this case is due to be remanded for additional proceedings, including the taking of testimony from a vocational expert.

## CONCLUSION

It is **ORDERED** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412.  *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 10th day of May, 2006.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**